JOSEPH L. BALE and GERTRUDE BALE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent GERTRUDE BALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bale v. Commissioner
Docket Nos. 5489-71, 7948-71.
United States Tax Court
T.C. Memo 1973-227; 1973 Tax Ct. Memo LEXIS 59; 32 T.C.M. (CCH) 1078; T.C.M. (RIA) 73227; October 16, 1973, Filed Joseph L. Bale, pro se. Gary F. Walker and Ralph L. Keister, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: In notices of deficiency, the Commissioner determined the following deficiencies in and additions *60 to the taxes of Joseph L. Bale and Gertrude Bale (hereafter petitioners): 2 Additions to tax Docket
Year
Deficiency
Section * 6653(a)
Section * 6653(b)
Section * 6654 5489-71
1967
$6,583.96
$329.20
$ 204.93
1968
1,518.55
75.93
1969
235.76
11.79
7948-71
1966
7,420.24
3,710.12
194.16
In these consolidated cases, petitioners contest the Commissioner's determination for 1967, 1968, and 1969, and Gertrude Bale (hereafter Gertrude) contests his determination for 1966. In his answer to Gertrude's petition, the Commissioner asserted additions to tax of $1,855.06 under section 6651(a) and of $371.01 under section 6653(a) in the event that we should not sustain his determination of fraud under section 6653(b). At the trial, the Commissioner conceded the addition to tax for fraud, and both parties made certain other concessions. The questions remaining for decision are: (1) whether Gertrude realized unreported income in 1966 and 1967; (2) whether petitioners are entitled to deductions under section 162 for 1967, *61 1968, and 1969; and (3) whether petitioners are liable for the additions to tax. 3 FINDINGS OF FACT Petitioners are husband and wife and resided in Southfield, Michigan, at the time they filed their petitions in these proceedings.They filed joint Federal income tax returns for 1967, 1968, and 1969 with the district director of internal revenue in Detroit, Michigan. Joseph L. Bale (hereafter Joseph) filed a return for 1966, but the evidence is unclear whether Gertrude did or did not. In 1960 or 1961, Gertrude was charged with and convicted of embezzlement and spent several months in the Detroit House of Corrections. After her release, Gertrude was employed as a bookkeeper in Detroit. Later, Gertrude was again charged with embezzlement, but the criminal case against her was dismissed. Joseph was self-employed as a factory furniture representative and was compensated by means of commissions during the years in issue. His sales territory was the State of Michigan and he traveled by automobile to a number of cities to solicit purchases from various wholesalers. Joseph conducted his business from a room in his home. That room contained, among other things, his "office" *62 desk 4 and filing cabinet, a typewriter, used for personal and business correspondence, and a desk used by other members of the family. During the years in issue, petitioners moved twice. Joseph used his home telephone for business and personal calls and also used pay telephones for business calls. Whenever a customer store opened, Joseph sent it flowers. Joseph also took customers to restaurants and gave them gifts. Joseph bought magazines and newspapers to read the furniture advertisements. Joseph went to several furniture shows during the years in issue. In 1969, Joseph went to Toronto with his wife to expand his sales territory. Other than certain cancelled checks and receipts, Joseph kept no record of his expenses. At a conference during a trial recess, petitioners and the Commissioner studied these checks and receipts, made certain concessions, and classified the checks and receipts so that petitioners could present them as evidence. To prove expenditures on the 1969 trip to Toronto, petitioners presented a receipt for $94.50 from a motel. Cancelled checks totalling $328.26 to airlines and a travel agency 5 were submitted as proof of travel expenditures. *63 As proof of promotional expenditures, petitioners submitted cancelled checks and receipts totalling $489.64 for 1967, $362.95 for 1968, and $246.54 for 1969. To prove expenditures for flowers, petitioners submitted cancelled checks totalling $328.55 for 1967, $31.20 for 1968, and $15.60 for 1969. To prove expenditures for magazines and newspapers, petitioners submitted cancelled checks totalling $32.77 for 1969. To prove business telephone expenses, petitioners introduced cancelled checks totalling $561.98 for 1967, $434.78 for 1968, and $511.49 for 1969 and explained their formula, whereby those amounts exceeding $15 of petitioners' monthly home telephone bill plus an estimate of calls made from phone booths were deducted as business expenses. To prove expenses for the cost of Joseph's office and moving, petitioners presented checks totalling $4,023.33 for 1967, $2,834.97 for 1968, and $2,863.46 for 1969 and explained their formula, whereby apartment expenses were allocated by room between home and office. On their 1969 return, petitioners claimed business deductions for flowers which were actually purchased in a prior taxable year. 6 OPINION Neither party introduced *64 relevant evidence sufficient to sustain his burden of proving those items which he was obligated to prove under Rule 32, Tax Court Rules of Practice.
Unreported Income The Commissioner determined that Gertrude failed to report compensation received in 1966 and amounts appropriated for her own use from funds of her employer in 1966 and 1967. Because petitioners introduced no evidence to indicate that the Commissioner's determination was not correct, Rule 32 requires us to sustain that determination. Business Expenses Petitioners have convinced us that Joseph engaged in activities which may have incurred ordinary and necessary business expenses deductible under section 162. We are also convinced that he made certain payments. But we find no evidence to indicate which of those payments reflect business expenses and which reflect personal expenses. Nor can we determine which claimed deductions represent expenses incurred in prior years. Petitioners introduced no evidence to allow us to determine whether their arbitrary formulae 7 used to compute office and telephone expenses accurately reflect deductible expenses. In short, petitioners have not met their burden of *65 proving that any of the substantiated payments were deductible under section 162. We do not attempt to use the rule of Cohan v. Commissioner, 39 F.2d 540 (C.A. 2, 1930), to allocate those payments not covered by section 274. We note that, in the course of the trial, petitioners and the Commissioner's representatives used a recess to allocate certain payments between deductible and nondeductible expenses. In so allocating payments, the parties had numerous checks and receipts which, we believe, allowed them to make fair allocations. These allocations appear in the record and should be used in making the Rule 50 computation. We shall not use a more limited record to determine a different allocation. See Neils Schultz, 44 B.T.A. 146, 151 (1941). Moreover, we cannot guess whether those payments petitioners placed in the record reflect expenses incurred in business activities or whether Joseph's business activities resulted in such expenses. Joseph admitted that he knew he should have kept records and that he had no way to reconstruct 8 a record of his business expenses. Under these circumstances, we are in no position to use Cohan to untangle petitioner's *66 financial affairs. Additions to Tax Neither petitioners nor the Commissioner introduced evidence concerning the additions to tax. Under Rule 32, petitioners have the burden of proving erroneous the Commissioner's determination of additions to tax under section 6653(a) for 1967, 1968, and 1969. The absence of any evidence relating to these additions requires us to hold that the Commissioner's determination was correct. See James W. England, Jr., 34 T.C. 617, 623 (1960). Since Gertrude has not introduced any evidence concerning her filing of a return for 1966, we are not convinced that this Court has jurisdiction over the section 6654 addition to her tax. See section 6659(b) (2). Similarly, since petitioners did file returns for 1967, this Court also does not have jurisdiction over the section 6654 addition to their tax for that year. The Commissioner has the burden of proving the applicability of sections 6651(a) and 6653(a) to Gertrude's 1966 tax liability since he affirmatively pleaded these additions in his answer. See Rule 32. The record is unclear as to whether 9 Gertrude did or did not file a Federal income tax return for 1966. Nevertheless, it *67 contains nothing that would allow us to hold that her failure to file was not due to reasonable cause and was due to willful neglect. Bruner Woolen Co., Inc., 6 B.T.A. 881 (1927). Similarly, the Commissioner has not introduced any evidence to prove that Gertrude was negligent or intentionally disregarded rules and regulations. James Nicholson, 32 B.T.A. 977 (1935), affd. 90 F.2d 978 (C.A. 8, 1937). Accordingly, we hold that Gertrude is not liable for additions to tax under sections 6651(a) and 6653(a). We have disposed of the addition under 6654 above. Decisions will be entered under Rule 50. Footnotes
*. All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated. ↩